COLLIER v. COLLINS *et ux.*, and HOPKINS, administrator.

1. JOINDER OF PARTIES: DISCOVERY AND FORRECLOSURE. The administrator of an agent who loaned money for his principal and took a note and mortgage to secure the same, in his own name, may be joined with the maker of the note and mortgagor in an action for discovery and foreclosure.
2. FORECLOSURE: JURISDICTION. The mortgagee may bring his action in chancery for the foreclosure of a mortgage and the sale of the mortgaged premises.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 24.

Bill for a discovery, and to foreclose a mortgage.   The petition states that Thomas W. Hopkins, in his life time, as the agent of the plaintiff, loaned to defendant Collins, the sum of $5240, of the money of the plaintiff, taking a note therefor, payable to said Hopkins in his own name; and that the defendants, Collins and wife, to secure the payment of the note, executed and delivered to Hopkins, a mortgage upon certain real estate, with a power of sale, in case of non-payment.   It is further averred that the said Thomas W. Hopkins, has departed this life, intestate, and that the defendant Gustavus Hopkins, is his administrator; and it is prayed that said Hopkins may discover whether the money so loaned by his intestate to Collins, was not the money of plaintiff, and loaned by said Thomas W. Hopkins as the agent of plaintiff; and a decree of foreclosure and sale of the mortgaged premises is prayed against the said Collins and wife.

Hopkins answered as administrator, confessing the allegations of the petition as to the ownership of the debt, and the agency of Thomas W. Hopkins in making the loan for the plaintiff.   The defendants, Collins and wife, demurred to the petition, for the reasons :   *First,* That there was a misjoinder of parties and causes of action.   *Second,* That the plaintiff's remedy was at law, and that a court of chancery has no jurisdiction in cases of foreclosure of a mortgage.   The Distrct Court sustained the demurrer, and the plaintiff refusing to amend, the petition was dismissed.

*John L. Harvey,* for the appellant.

*Wilson, Utley & Dowd,* for the appellees.

STOCKTON, J.—There was no misjoinder of parties or causes of action.   The defendant Hopkins was made a party as administrator of Thomas W. Hopkins, in order that plaintiff, by

obtaining a discovery, might establish his right to the debt claimed to be his, and to the security given for its payment. This discovery having been obtained by the answer of Hopkins, the plaintiff's right and title to the claim sued upon, as the real party in interest, was established, and he was entitled to the relief prayed for against the defendants, Collins and wife.

The right of the plaintiff to resort to a court of chancery, to obtain a decree for the foreclosure of his mortgage, and for the sale of the mortgaged premises, has been heretofore determined by this court. *Kramer* v. *Rebman*, *supra*.

Judgment reversed.